# UNITED STATES DISTRICT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **SOUTHERN NAZARENE UNIVERSITY,** | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Case No. 17-cv-558-M |
| **FEDERAL INSURANCE COMPANY,** | § § § | |
| Defendant. | § | |

## DEFENDANT FEDERAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S PETITION

COMES NOW Defendant, Federal Insurance Company ("Federal"), and as its Answer to Plaintiff Southern Nazarene University's ("Plaintiff") Original Petition filed in Oklahoma state court, respectfully states as follows:

## I.
## GENERAL DENIAL

Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Federal generally denies each and every allegation in the Petition, except to the extent an allegation is specifically admitted herein.

## II.
## ANSWER

1. Federal admits the allegations in paragraph 1.

2. Federal admits that it is an Indiana corporation with its principal place of business in New Jersey and is a duly licensed insurer authorized to issue insurance policies in the State of Oklahoma.

3. Federal admits that Plaintiff's claims are based on an insurance claim submitted with respect to property located in Oklahoma County, State of Oklahoma.

4. Federal admits that this federal Court has jurisdiction over this action; otherwise, Federal denies that the Oklahoma state court in which the Petition was filed has jurisdiction over this matter now that it has been removed to this Court. Federal admits that venue is proper in the United States District Court for the Western District of Oklahoma.

5. Federal denies the allegations in paragraph 5.

6. Federal denies the allegation in paragraph 6.

7. Federal admits that it issued an insurance policy to Plaintiff, which is identified as Policy No. 000035971682, which was effective from November 1, 2014 to November 1, 2015. Federal admits that the policy provides limited coverage for damage caused by an earthquake, which is subject to all the terms and conditions of the policy.

8. Federal denies the allegations in paragraph 8.

9. Federal denies the allegations in paragraph 9.

10. Federal admits that Plaintiff tendered an insurance claim to Federal for earthquake damage. Federal denies that Herrick Hall suffered any damage caused by an earthquake. Federal otherwise denies the allegations in paragraph 10.

11. Federal admits the allegations in paragraph 11.

12. Federal admits that it denied Plaintiff's insurance claim, in part, because the claimed damage was not the result of an earthquake. Federal otherwise denies the allegations in paragraph 12.

13. Federal admits the allegations in paragraph 13.

14. Federal denies the allegations in paragraph 14.

15. Federal denies the allegations in paragraph 15.

16. Federal denies the allegations in paragraph 16.

17. Federal denies the allegations in paragraph 17.

18. Federal admits that Plaintiff is seeking the relief set forth in paragraph 18, but denies that Plaintiff is entitled to any such relief. Federal otherwise denies the allegations in paragraph 18.

### III.
### AFFIRMATIVE AND OTHER DEFENSES

1. For its First Defense, Federal asserts that Plaintiff's claims are barred, in whole or in part, by certain exclusions in the policy, including, without limitation:

> *Policy Exclusions*   The following Policy Exclusions apply to all the coverages in this contract.
>
> ***
>
> *Inherent Vice/Latent Defect*   This insurance does not apply to loss or damage caused by or resulting from inherent vice or latent defect.
>
> This Inherent Vice/Latent Defect exclusion does not apply to:
>
> • loss or damage caused by or resulting

> > from a **specified peril**; or
> >
> > - ensuing loss or damage caused by or resulting from a **specified peril** or **water.**
> >
> > \*\*\*

> *Planning, Design, Materials Or Maintenance*
>
> This insurance does not apply to loss or damage (including the costs of correcting or making good) caused by or resulting from any faulty, inadequate or defective:
>
> - planning, zoning, development, surveying, siting;
>
> - design, specifications, plans, workmanship, repair, construction, renovation, remodeling, grading, compaction;
>
> - materials used in repair, construction, renovation or remodeling; or
>
> - maintenance, of part or all of any property on or off the premises shown in the Declarations.
>
> The Planning, Design, Materials Or Maintenance exclusion does not apply to ensuing loss or damage caused by or resulting from a peril not otherwise excluded.
>
> \*\*\*

> *Wear And Tear*
>
> This insurance does not apply to loss or damage caused by or resulting from wear and tear or deterioration.
>
> This Wear And Tear exclusion does not apply to ensuing loss or damage caused by or resulting from a **specified peril** or water.
>
> \*\*\*

*Additional Exclusions*   The following Additional Exclusions apply to all coverages in this contract except:

- In Transit Additional Coverage;

- International Air Shipments Additional Coverage;

- Research And Development Property Premises Coverage; and

- Salespersons' Samples Additional Coverage.

\*\*\*

*Settling*   This insurance does not apply to loss or damage caused by or resulting from settling, cracking, shrinking, bulging or expansion of land, paved or concrete surfaces, foundations, pools, buildings or other structures.

This Settling exclusion does not apply to ensuing loss or damage caused by or resulting from a **specified peril**.

2. For its Second Defense, Federal asserts that Plaintiff's claims are barred, in whole or in part, by certain additional exclusions of the policy concerning earthquakes, including, without limitation:

*Earthquake*   This insurance does not apply to loss or damage caused by or resulting from earthquake, regardless of any other cause or event that directly or indirectly;

Contributes concurrently to; or

Contributes in any sequence to,

The loss or damage, even if such other cause or event would otherwise be covered.

This Earthquake exclusion does not apply to ensuing loss or damage caused by or resulting from a specified peril.

*\*\*\**

*Earthquake*   A.   Except as provided in paragraph E below, this endorsement applies to the:

1. Premises Coverages;

2. Additional Coverages; and

3. Debris Removal Coverage,

applicable to the premises shown in the Schedule above, only if a Limit of Insurance for such coverage is shown in the Declarations at such premises shown in the Schedule above.

B. This endorsement does not apply to:

1. the Additional Coverages for:

   a. Any other Location;

   b. Exhibition, Fair Or Trade Show; or

   c. Newly Acquired Premises; and

2. Any premises now shown in the Schedule above.

C. If any form shown above does not contain an exclusion for Earthquake, the terms and conditions of this endorsement apply to such forms to the extent forms apply at a premises shown in the Schedule above.

D. If the Electronic Data Processing Property form is shown above, the terms and conditions of this endorsement apply to such form to the extent such form applies at a premises shown in the Schedule above.

E. The Earthquake exclusion and any **earthquake** limitations are not deleted and remain in effect for:

1. Civil Authority;

2. Dependent Business Premises;

3. Fungus Clean-up Or Removal;

4. Ingress And Egress;

5. Loss Of Utilities; and

6. Pollutant Clean-up And Removal.

unless these Premises coverages or Additional Coverages are shown in the Schedule above.

These Premises Coverages and Additional Coverages apply only at those premises where such Premises Coverages and Additional Coverages are shown in the Schedule above and

> do not apply to any premises to which the Any Other Location, Newly Acquired Property and Exhibition, Fair Or Trade Show Additional Coverages apply.

3. For its Third Defense, Federal asserts that Plaintiff's claims are barred, in whole or in part, because Plaintiff has no evidence to establish that the loss or damage at the property was caused by a covered cause of loss.

4. For its Fourth Defense, Federal asserts that Plaintiff's claims are barred because the amount of any covered loss is below the policy's deductible and, therefore, Federal does not owe Plaintiff any policy benefits.

5. For its Fifth Defense, Federal asserts that, in addition to the provisions expressly stated above, Plaintiff's Claims are barred, in whole or in part, by other terms, conditions, exclusions and limitations in the policy. Federal expressly reserves the right to assert that the insurance claim is not covered or is otherwise limited based on all the terms, conditions, exclusions and limitations in the policy.

6. For its Sixth Defense, Federal asserts that there is a genuine and/or bona fide dispute as to the loss or damage involved in Plaintiff's insurance claim and, therefore, Federal cannot be held liable for breach of its common law duty of good faith and fair dealing

7. For its Seventh Defense, Federal denies that Plaintiff sustained any damages for which Federal is liable.

8. For its Eighth Defense, Federal denies that it breached the policy, acted in bad faith, or engaged in any extra-contractual misdeed or misconduct.

9. For its Ninth Defense, Federal denies that Plaintiff has suffered any damage as the result of any acts of omission or commission by Federal or any persons or entities acting on behalf of Federal.

10. For its Tenth Defense, Federal asserts that Plaintiff is not entitled to punitive damages; however, in the alternative, if the Court makes an award of punitive damages such an award must not violate Federal's rights to due process by being arbitrary, unjust or grossly excessive. An award of punitive damages must have a reasonable relationship to the harm to Plaintiff and may not constitute an improper taking by attempting to compensate alleged victims not before the court.

11. Federal may have additional defenses that cannot now be articulated due to insufficient knowledge or information. Federal therefore fully reserves its right to amend its answer and to assert additional defenses as they become known upon further investigation and discovery.

## IV.
## DEMAND FOR A JURY TRIAL

Federal hereby demands a jury trial on all issues of fact to which it may be entitled.

## V.
## PRAYER FOR RELIEF

**WHEREFORE**, Federal denies that Plaintiff is entitled to any relief on the Petition and respectfully prays that Plaintiff take nothing and that this Court enter a judgment against Plaintiff on the Petition, and grant such other and further relief, both at law and in equity, to which Federal may be entitled. Federal further prays that the Court award Federal its attorney's fees, costs of court and such other and further relief, at law or in equity, to which Federal may be justly entitled.

Respectfully submitted,

 s/ John C. Lennon
John C. Lennon, OBA No. 30149
PIERCE COUCH HENDRICKSON
 BAYSINGER & GREEN, L.L.P.
Post Office Box 26350
Oklahoma City, OK  73126-0350
Telephone:  (405) 235-1611
Facsimile:   (405) 235-2904
jlennon@piercecouch.com

-and-

COZEN O'CONNOR

Joseph A. Ziemianski
Texas State Bar No. 00797732
1221 McKinney, Suite 2900
Houston, Texas  77010
*Application for Admission*
*Pro Hac Vice to be Filed*
Telephone:  (832) 214-3900
Telecopier: (832) 214-3905
E-mail: jziemianski@cozen.com

        -and-

Anthony DiPietra
Texas State Bar No. 24085972
1717 Main Street, Suite 3400
Dallas, Texas 75201
*Application for Admission to the*
*District Court for the Western*
*District of Oklahoma to be Filed*
Telephone: (214) 462-3000
Telecopier: (214) 462-3299
E-mail: adipietra@cozen.com

**ATTORNEYS FOR DEFENDANT**
**FEDERAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on May 19, 2017, a true and correct copy of the above and foregoing was served electronically via the ECF system for the USDC for the Western District of Oklahoma, to the following counsel of record.

Mark E. Bialick
R. Ryan Deligans
920 North Harvey
Oklahoma City, OK  73102-2610

**Attorneys for Plaintiff**
**Southern Nazarene University**

         s/ John C. Lennon
        John C. Lennon